UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAVID ELIJAH BOWERS, JR.,

        Plaintiff,

v.                                   Case No. 17-cv-805-pp

CHRIS ABELE, *et al.*,

        Defendants.

---

**ORDER GRANTING THE PLAINTIFF'S MOTION FOR REINSTATEMENT OF CIVIL COMPLAINT AND MOTION TO AMEND (DKT. NO. 7), DENYING THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 8), AND DENYING THE PLAINTIFF'S MOTION TO CONSOLIDATE CASES (DKT. NO. 10)**

---

On June 7, 2017, plaintiff David Elijah Bowers, Jr., a Wisconsin state prisoner who is representing himself, filed a document entitled "(Basic Complaint) For the Office of ~~~ (Human Rights Protocol)." Dkt. No. 1. The complaint contains allegations about the plaintiff's "illegal" placement and improper treatment at the Milwaukee County Behavioral Health Division. Id. The day the plaintiff filed the complaint, the Clerk of Court sent him a letter requesting that within twenty-one days, he submit either the $400.00 civil case filing fee or a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2. The plaintiff did neither. Therefore, on July 21, 2017, the court dismissed the case for failure to diligently prosecute. Dkt. No. 3. The court noted that within twenty-one days of the date of the order, the plaintiff could ask the court to reinstate the case. Id. at 3.

1

On August 8, 2017, the court received from the plaintiff a "request to reinstate civil complaint and proposed amended complaint." Dkt. No. 5. The plaintiff did not attach to that motion a proposed amended complaint; instead, the motion listed several allegations that he wanted to add to the original complaint. Id. That same day—August 8, 2017—the court also received from the plaintiff a "request to proceed without prepaying the full filing fee." Dkt. No. 6.

On September 18, 2017 (about a month later), the court received from the plaintiff another "motion for reinstatement of civil complaint and motion to amend" and another motion for leave to proceed without prepayment of the filing fee. Dkt. Nos. 7-8. A month after that, on October 18, 2017, the plaintiff filed a motion to consolidate cases. Dkt. No. 10. This order resolves the pending motions.

I. **THE PLAINTIFF'S MOTION FOR REINSTATEMENT OF CIVIL COMPLAINT**

The plaintiff asks to reinstate his civil complaint because, he says, he never received the Clerk of Court's June 6, 2017 letter directing him to either pay the $400.00 civil case filing fee or file a motion for leave to proceed without prepaying the filing fee. Dkt. No. 7 at 3. The plaintiff explains that as soon as he received the court's dismissal order, he filed a request to reinstate and a request to proceed without prepayment of the filing fee. Id. at 4. The court indicated in its dismissal order that the plaintiff could petition for reinstatement within twenty-one days of the order, and the plaintiff's motion

2

met that deadline. Accordingly, the court will grant his motion for reinstatement of civil complaint.

## II. THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

The Prison Litigation Reform Act ("PLRA") applies to this case because the plaintiff was incarcerated when he filed the complaint. 28 U.S.C. §1915. Under the PLRA, a prisoner may not proceed without prepaying the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "Strikes" include any prisoner case dismissed on any of the three enumerated grounds, before or after the enactment of the PLRA. Evans v. Ill. Dep't of Corrs., 150 F.3d 810, 811 (7th Cir. 1998) (citing Abdul–Wadood v. Nathan, 91 F.3d 1023, 1025 (7th Cir. 1996)).

Court records show that the plaintiff has accumulated at least three strikes, including: (1) Bowers v. McGinnis, No. 08-cv-888 (E.D. Wis., Griesbach, J.) (dismissed for failure to state a claim on October 27, 2008); (2) Bowers v. Thurmer, No. 10-cv-63 (E.D. Wis., Stadtmueller, J.) (dismissed as frivolous on October 6, 2010); and (3) Bowers v. Husz, No. 09-1711 (7th Cir.)

(appeal dismissed as frivolous on June 16, 2009). The court must deny the plaintiff's motion for leave to proceed without prepayment of the filing fee.[1]

If the plaintiff wants to proceed with this case, he must pay the full civil case filing fee of $400.00 (the $350.00 filing fee and the $50.00 administrative fee that applies to litigants who haven't been given permission to proceed without prepaying the filing fee) within **fourteen days** of this order—that is, by the end of the day on May 22, 2018. Newlin v. Helman, 123 F.3d 429, 433–34 (7th Cir. 1997), rev'd on other grounds by Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) and Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000); 7th Cir. R. 3(b). The court will dismiss this case without further notice or hearing if it does not receive the $400 filing fee by the end of the day on **Monday, May 22, 2018**. Newlin, 123 F.3d at 434.

### III. THE PLAINTIFF'S MOTION TO AMEND

The plaintiff's motion to reinstate the complaint also included in the caption the words "And Motion to Amend." Dkt. No. 7 at 1. In the original complaint, the plaintiff named County Executive Chris Abele and Milwaukee Police Chief Ed Flynn[2] as defendants. Dkt. No. 1 at 1. He named those same two defendants in his August 8, 2017 motion to reinstate. Dkt. No. 5. His

---

[1] The allegations in the plaintiff's complaint do not qualify for the "imminent danger" exception under 28 U.S.C. §1915(g), because the allegations involve a completed act of harm. See Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) ("Allegations of past harm do not suffice.") The plaintiff states that his complaint involves "illegal custody for five days being abused." See Dkt. No. 7, ¶¶1-3.

[2] The court notes that Edward Flynn no longer is the chief of the Milwaukee Police Department.

4

September 18, 2017 motion to reinstate, however, adds "John Doe Police Officer," and also includes the Latin term "*et al.*," at the end of the list of defendants in the caption. Dkt. No. 7 at 1. "*Et al.,*" loosely translated, means "among others," but it is not clear from the motion who those "others" are. In addition, the factual allegations the plaintiff makes in the motions to reinstate are different from the factual allegations he made in his original complaint, in a number of ways.

Right now, the court has from the plaintiff three different documents, each containing different details and different allegations, and one naming different defendants than the other two. If the plaintiff wishes to go forward with this lawsuit, he not only must pay the $400.00 civil case filing fee in full, but he must file one, comprehensive amended complaint that includes every defendant and every factual allegation that he wants to pursue.

The court is enclosing a copy of its complaint form and instructions. If, after paying the $400 filing fee, the plaintiff wants to file an amended complaint, he must write the word "AMENDED" in front of the word "COMPLAINT" at the top of the first page of the form, then put the case number for this case—17-cv-805-PP—in the field for "Case Number." He must list all of the defendants in the caption of the complaint; if he does not know a defendant's name, he still must list that defendant as a "John Doe" or a "Jane Doe." He must use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the

space is not enough, he may use up to five additional sheets of paper (putting page numbers on each additional page). The amended complaint takes the place of the prior complaints, and must be complete in itself; the plaintiff cannot simply say, "look at my first few complaints for further information." See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998).

## IV. THE PLAINTIFF'S MOTION TO CONSOLIDATE

As noted above, the plaintiff has filed a number of cases in this court. In 2001, he filed three civil cases: Bowers v. Sarbar, *et al.*, 01-cv-112; Bowers v. Milwaukee County Jail, 01-cv-113; and Bowers v. Milwaukee County Jail, 01-cv-975. In 2003, he filed a *habeas* petition under 28 U.S.C. §2254, Bowers v. Humphreys, 03-cv-876. In 2007, he filed another civil case, Bowers, *et al.* v. Pollard, *et al.*, 07-cv-1. In 2008, he filed another *habeas* petition, Bowers v. Husz, 08-cv-285, as well as two civil cases (Bowers v. Husz, 08-cv-197 and Bowers v. McGinnis, 08-cv-888). He filed another two civil cases in 2009— Bowers v. Pollard, 09-cv-172 and Bowers v. Nickel, 09-cv-276. He filed just one civil case in 2010, Bowers v. Thurmer, 10-cv-63. In 2014, he filed yet another civil case, Bowers v. Milwaukee County Jail Medical Staff, *et al.*, 14-cv-1025. That same year, he filed his third *habeas* petition, Bowers v. Pollard, 14-cv-620. In 2015, he filed another civil case, Bowers v. Bartow, 15-cv-1197. He filed two cases in 2016—Bowers v. Lundquist, *et al.*, 16-cv-1141 and Bowers v. Foster, 16-cv-331. Finally, last year, the plaintiff filed the current case, as well as Bowers v. Department of Corrections, 17-cv-1091.

SO—in the past seventeen years, the plaintiff has filed *eighteen* civil cases and *habeas* petitions. *None* of these cases currently are open, with the exception of this one (which the court is allowing the plaintiff to reinstate).

It is not clear from the plaintiff's motion to consolidate what he is trying to do, but as far as the court can tell, he is attempting to "consolidate" all of the cases he has filed in the past—his closed cases—with this, one, now re-opened, case. In other words, he is trying to incorporate into this current case all the prior cases in which he was unsuccessful on his claims. Dkt. No. 10. He also mentions several *criminal* prosecutions in which he was a defendant (State v. Bowers, Case Nos. 2001CF136, 2001CF934, 2009CF276 and 2013CF172).

Rule 42 of the Federal Rules of Civil Procedure allow a court to consolidate cases that are *currently pending* before the court if they involve common questions of law or fact. None of the plaintiff's other civil cases are pending before the court. None of his criminal cases are pending before *this* court—they are state court cases. The court cannot consolidate federal cases with state cases, and it cannot consolidate criminal cases with civil cases. The court will deny the plaintiff's motion to consolidate.

**V.  Conclusion**

The court **GRANTS** that the plaintiff's motion for reinstatement of civil complaint. Dkt. No. 7.

The court **DENIES** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 8. The plaintiff shall forward to the Clerk of Court the sum of **$400.00** as the full filing fee in this case in time for the

7

court to receive it by the end of the day on **Monday, May 22, 2018**. The plaintiff shall clearly identify the payment by the case name and number. If the court does not receive $400 from the plaintiff by the end of the day on May 22, 2018, ***the court will dismiss the case without further notice or hearing on the next business day.***

*If* the plaintiff pays the $400 filing fee by the end of the day on May 22, 2018, he may file an amended complaint—one that complies with the instructions in this order.

The court **DENIES** the plaintiff's motion to consolidate. Dkt. No. 10.

Dated in Milwaukee, Wisconsin this 8th day of May, 2018.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **United States District Judge**